**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| J & J Sports Productions, Inc., | NO. C 11-02092 JW |
| Plaintiff, | NO. C 10-03528 JW |
| v. | **ORDER DENYING REQUESTS** |
| Phoung Tan, d.b.a. Charlie Chan Café, et al., | |
| Defendants. | |
| / | |
| G & G Closed Circuit Events LLC, | |
| Plaintiff, | |
| v. | |
| Fardad Dormanesh d.b.a. Deezi's Café Persia, et al., | |
| Defendants. | |
| / | |

Presently before the Court are identical "Requests" filed by Plaintiffs in both of the above-captioned cases.[1] In each Request, Plaintiff asks the Court, "pursuant to the provisions of Rule 4.1(a) of the Federal Rules of Civil Procedure and Rule 54-2 of the Local Rules," to appoint a "registered process server, who is at least 18 years of age, of suitable discretion, and not a party to the within [sic] action," to "serve writs" in the case. (See, e.g., J & J Request at 1-2.)

---

[1] (Judgment Creditor's Request and Order [sic] for Service of Process by Registered Process Server, hereafter, "J & J Request," Docket Item No. 14 in No. C 11-02092 JW; Judgment Creditor's Request and Order [sic] for Service of Process by Registered Process Server, Docket Item No. 19 in No. C 10-03528 JW.) Both Requests were filed by the same attorney, who is co-counsel for Plaintiffs in both cases.

Upon review, the Court does not find good cause to grant the Requests. In particular, the Court finds that the Requests are improperly noticed and supported, pursuant to the Civil Local Rules. The Local Rules provide that "[a]ny written request to the Court for an order must be presented by," *inter alia*, a "[d]uly noticed motion pursuant to Civil L.R. 7-2." Civ. L.R. 7-1(a). In turn, Civil L.R. 7-2 provides that a motion must contain, *inter alia*, a "concise statement of what relief or Court action the movant seeks" and "the points and authorities in support of the motion." Id. 7-2(b). Here, neither Request was properly noticed as a motion. Instead, both Requests were filed on their respective dockets as "Proposed Orders." Further, the Requests consist–in their entirety–of the single sentence summarized above, followed by the sentence "The United States Marshal shall remain the Levying Officer." (J & J Request at 2.) However, the Court finds that this constitutes inadequate support for the Requests, even if they had been properly noticed. In particular, the Court finds that the only two "authorities" cited by the Requests–namely, Fed. R. Civ. P. 4.1(a) and Civ. L.R. 54-2–do not provide adequate support for the requests. For example, Civ. L.R. 54-2 addresses "objections to [a] bill of costs," and does not speak to service of process in any way.[2]

Accordingly, the Court DENIES both Requests as improperly noticed and supported.

Dated: June 21, 2012

JAMES WARE
United States District Chief Judge

---

[2] The Court observes that while both Requests, as discussed above, purport to rely on Civ. L.R. 54-2, the captions of the Requests refer to "Local Rule 64-2." However, this reference is unhelpful, insofar as there is no Civil Local Rule 64-2 in the Northern District of California.

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Monica Ariel Mihell mihelllaw@gmail.com
Thomas Peter Riley TPRLAW@att.net

**Dated: June 21, 2012**                                                  **Richard W. Wieking, Clerk**

                                                             **By:   /s/ JW Chambers**
                                                                     **William Noble**
                                                                     **Courtroom Deputy**

United States District Court
For the Northern District of California